**NO. 23-4345**

In The

# United States Court Of Appeals
## For The Fourth Circuit

**UNITED STATES OF AMERICA,**
*Plaintiff – Appellee,*

**v.**

**RONALD SHAW,**
*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT WHEELING**

---

## SUPPLEMENTAL BRIEF OF APPELLANT

---

**Barry P. Beck**
**POWER, BECK & MATZUREFF**
**308 W. Burke Street**
**Martinsburg, WV 25401**
**(304) 264-8870**
**bpbeck@frontier.com**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES .......... ii

I. INTRODUCTION .......... 1

II. STATEMENT OF ISSUE FOR REVIEW .......... 2

III. STATEMENT OF THE CASE .......... 2

IV. SUMMARY OF ARGUMENT .......... 3

V. ARGUMENT .......... 4

A. Standard of Review .......... 4

B. Argument .......... 5

1. There was plain error in the Rule 11 proceedings in Mr. Shaw's case .......... 5

2. The failure to correctly advise Mr. Shaw regarding supervised release affected his substantial rights .......... 6

3. The Rule 11 error in Mr. Shaw's case seriously affects the fairness, integrity or public reputation of judicial proceedings .......... 8

VI. CONCLUSION .......... 9

CERTIFICATE OF COMPLIANCE .......... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anders v. California*,
386 U.S. 738 (1967) .......... 1

*Greer v. United States*,
593 U.S. 503, 141 S. Ct. 2090, 210 L.Ed.2d 121 (2021) .......... 6

*Rosales-Mireles v. United States*,
585 U.S. 129, 138 S. Ct. 1897, 201 L.Ed.2d 376 (2018) .......... 6

*United States v. Aplicano-Oyuela*,
792 F.3d 416 (4th Cir. 2015) .......... 4, 5

*United States v. Bowman*,
348 F.3d 408 (4th Cir. 2003) .......... 8

*United States v. Martinez*,
277 F.3d 517 (4th Cir. 2002) .......... 4

*United States v. Olano*,
507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) .......... 5

*United States v. Rivera-Maldonado*,
560 F.3d 16 (1st Cir. 2009) .......... 6

*United States v. Vonn*,
535 U.S. 55, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002) .......... 4

*United States v. Work*,
409 F.3d 484 (1st Cir. 2005) .......... 6

**Statutes**

21 U.S.C. § 841(a)(1) .......... 2

21 U.S.C. § 841(b) .......... 5

21 U.S.C. § 841(b)(1)(B) .......... 2, 3, 5

21 U.S.C. § 860 .......... 2, 3, 5

21 U.S.C. § 860(a)(2) .......... 5

**Rules**

Fed. R. Crim. P. 11 .......... 3, 4, 5, 6, 8

Fed. R. Crim. P. 11(b)(1)(H) .......... 3, 6

## I. INTRODUCTION

On August 3, 2023, former counsel for the Appellant, Ronald Shaw ("Mr. Shaw"), filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), raising the issue of whether the district court erred in imposing a sentence within the advisory Guidelines range, but concluding that there were no meritorious grounds for appeal.

Subsequently, Mr. Shaw filed a pro se supplemental brief and an amended pro se supplemental brief. In his pro se supplemental brief, Mr. Shaw argued, *inter alia*, that "the district court went outside the maximum, by sentencing the Appellant to a term of 8 years of supervised release." [Doc 19, p. 6]. In that regard, the Appellant referred to his plea agreement which stipulated that he would be exposed to a maximum period of supervised release of six years.

On May 29, 2024, this Court ordered the parties to file supplemental briefs "addressing whether the magistrate judge plainly erred in advising Shaw about the statutory penalty for supervised release; and if so, whether Shaw can show that his substantial rights were affected by the alleged error." [Doc 24]

## II. STATEMENT OF ISSUE FOR REVIEW

Whether Mr. Shaw's guilty plea must be vacated because the magistrate judge informed him that the maximum period of supervised release for his offense was six years, when in fact it was a mandatory eight years.

## III. STATEMENT OF THE CASE

The facts contained in Mr. Shaw's previous briefs are incorporated by reference. The following additional facts are relevant to the supplemental issue under review:

Pursuant to a plea agreement, Mr. Shaw pled guilty to a one-count information charging him with possession with intent to distribute 50 grams or more of methamphetamine within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860. JA 56-62. According to the plea agreement, Mr. Shaw's guilty plea exposed him to a "maximum penalty" of "imprisonment for a period of 5-80 years, a fine of $10,000,000, and a term of 6 years of supervised release." JA 56. During the plea colloquy with Mr. Shaw, the magistrate judge asked him, "[D]o you understand that you are exposing yourself to a maximum penalty of imprisonment for a period of five to 80 years, a

fine of up to $10 million, and a term of six years of supervised release?" JA 38. Mr. Shaw responded, "Yes, sir." JA 38.

Following Mr. Shaw's guilty plea, the probation office prepared a presentence report ("PSR"). Contrary to the plea agreement and the magistrate judge's statements during the Rule 11 hearing, the PSR determined that a mandatory eight-year term of supervised release applied to Mr. Shaw's offense of conviction. JA 193. Neither Mr. Shaw nor the Government objected to the PSR.

At sentencing, the district court also found that Mr. Shaw was subject to a mandatory term of eight years of supervised release. JA 74. Again, neither party objected. The district court proceeded to sentence Mr. Shaw. In addition to 188 months of imprisonment, he was sentenced to eight years of supervised release. JA 98-104. This appeal followed.

## IV. SUMMARY OF ARGUMENT

Before accepting Mr. Shaw's guilty plea, the district court was required to inform him of "any maximum possible penalty, including imprisonment, fine, and term of supervised release." Fed. R. Crim. P. 11(b)(1)(H). Pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 860, the

statutorily required term of supervised release for Mr. Shaw's offense of conviction was eight years. Therefore, the magistrate judge plainly erred when he advised Mr. Shaw that he was subject to a maximum term of supervised release of six years. Mr. Shaw would not have entered his guilty plea but for this error. Because the error affected Mr. Shaw's substantial rights, his guilty plea must be vacated.

## V. ARGUMENT

### A. Standard of Review:

Because Mr. Shaw did not object when the magistrate judge erroneously advised him about the maximum term of supervised release, and he did not seek to withdraw his plea before he was sentenced, this Court will review his case for plain error. *United States v. Aplicano-Oyuela,* 792 F.3d 416, 422 (4th Cir. 2015) ("[W]hen a defendant contests the validity of a guilty plea that he did not seek to withdraw, we . . . review that challenge solely for plain error.")(citing *United States v. Martinez,* 277 F.3d 517, 524, 527 (4th Cir. 2002)); *United States v. Vonn,* 535 U.S. 55, 58-59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002)(holding that plain error review applies to unpreserved Rule 11 objections).

To show plain error, a defendant must establish that: "(1) there is . . . error; (2) the error is plain; and (3) the error affects his substantial rights." *Aplicano-Oyuela*, 792 F.3d at 422 (citing *United States v. Olano*, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Even if these elements are met, a defendant is only entitled to relief from the error when it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732, 113 S.Ct. 1770.

**B. Argument.**

**1. <u>There was plain error in the Rule 11 proceedings in Mr. Shaw's case.</u>**

Contrary to Mr. Shaw's plea agreement and the magistrate judge's statements during the Rule 11 colloquy, the maximum term of supervised release for his offense was not six years. Instead, pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 860, he was subject to a mandatory term of eight years of supervised release. This is because a defendant convicted of violating § 860 must be sentenced to a term of supervised release "at least twice any term of supervised release authorized by [§ 841(b)]." 21 U.S.C. § 860(a)(2). In Mr. Shaw's case, the term of supervised release authorized by § 841(b) was four years, which meant

that he faced a mandatory sentence of eight years of supervised release. Therefore, the magistrate judge did not comply with the requirements of Fed. Crim. P. Rule 11(b)(1)(H) when he advised Mr. Shaw that he was subject to a maximum term of six years of supervised release. This was plain error.

**2. The failure to correctly advise Mr. Shaw regarding supervised release affected his substantial rights.**

Whether a Rule 11 error affects substantial rights "generally means that there must be 'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *Greer v. United States*, 593 U.S. 503, 141 S. Ct. 2090, 2096, 210 L.Ed.2d 121 (2021)(quoting *Rosales-Mireles v. United States*, 585 U.S. 129, 138 S. Ct. 1897, 1904-05, 201 L.Ed.2d 376 (2018)).

“Supervised release is a part of a criminal sentence which is separate and independent from the original incarcerative term.” *United States v. Rivera-Maldonado*, 560 F.3d 16, fn. 6 (1st Cir. 2009), citing *United States v. Work*, 409 F.3d 484, 489-90 (1st Cir. 2005). In Mr. Shaw’s case, he entered his guilty plea believing that the supervised release part of his sentence, at worst, would be no more than six years.

He did not know that he was actually facing a mandatory term of supervised release, much less one that was two years longer than what the magistrate judge told him would be the worst-case scenario.

There is a reasonable chance Mr. Shaw would not have agreed to plead guilty if he had known that his sentence would include eight years of supervised release instead of a maximum of six. Indeed, he stated as much in the pro se supplemental brief that he filed with this Court. In challenging the validity of his guilty plea, he specifically referred to having received a term of supervised release that exceeded the maximum term provided for in his plea agreement. He stated the following: "The court accepted the terms of the plea agreement, which stipulated the maximum penalties of 5 - 80 years of imprisonment, a fine of up to $ 10,000,000 and a maximum term of 6 years of supervised release. Yet the court went outside the maximum, by sentencing the Appellant to a term of 8 years of supervised release." [Doc 19]. Therefore, if given the opportunity, it is clear that Mr. Shaw would withdraw his guilty plea and proceed to trial.

**3. The Rule 11 error in Mr. Shaw's case seriously affects the fairness, integrity or public reputation of judicial proceedings.**

The integrity of Rule 11 proceeding depends on the court being able to rely on the defendant's statements during the guilty plea colloquy. See *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003)("We repeat what we said before, that an appropriately conducted Rule 11 colloquy can only serve meaningfully if the court is entitled to rely on the defendant's statements made under oath to accept a guilty plea.").

By the same token, a defendant must be able to rely on the the court's statements during the Rule 11 proceedings. Indeed, the primary function of the Rule 11 proceedings is for the court to explain to the defendant the nature and consequences of his plea. Thus, as in Mr. Shaw's case, when the court erroneously advises a defendant about the maximum possible sentence to which he would be exposed because of his plea, the fairness, integrity and public reputation of the process is seriously compromised.

## VI. CONCLUSION

For the foregoing reasons, Mr. Shaw respectfully requests that the Court vacate his conviction and remand the case to the district court with instructions that he be permitted to withdraw his guilty plea.

**APPELLANT**
**BY COUNSEL**

/s/ Barry P. Beck
Barry P. Beck
POWER, BECK & MATZUREFF
308 W. Burke Street
Martinsburg, WV 25401
(304) 264-8870

**CERTIFICATE OF COMPLIANCE**

1. This document complies with type-volume limits because excluding the parts of the document exempted by Fed. R. App. P. 32(f): (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

This document contains 1,565 words.

2. This document complies with the typeface requirements because:

It has been prepared in a proportional spaced typeface using Microsoft Word in 14-point Century Schoolbook.

Dated: September 18, 2024

/s/ Barry P. Beck
Barry P. Beck
POWER, BECK & MATZUREFF
308 W. Burke Street
Martinsburg, WV 25401
(304) 264-8870